UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ROBERT J. CAVIGLIANO,              :
                                   :
          Petitioner,              :   Civ. No. 20-5949 (NLH)
                                   :
     v.                            :   OPINION
                                   :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Respondent.              :
_____:

APPEARANCES:

Robert J. Cavigliano
21805-055
Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

     Petitioner Pro se

Craig Carpenito, United States Attorney
John Francis Basiak, Assistant United States Attorney
Office of the U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608

     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Robert J. Cavigliano brings this petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking to be

released to home confinement due to the coronavirus COVID-19

pandemic.  See ECF No. 1.  Respondent United States opposes the

§ 2241 petition, arguing that the Court lacks habeas

jurisdiction over the request and that Petitioner failed to exhaust his administrative remedies.  ECF No. 8.

For the reasons that follow, the Court will dismiss the § 2241 petition, but transfer the claim for compassionate release for consideration in Petitioner's criminal case.

I.  BACKGROUND

A jury in the Western District of New York convicted Petitioner of five counts of distributing child pornography, 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1); one count of possessing child pornography, 18 U.S.C. §§ 2252A(a)(5)(B); and one count of making a false statement, 18 U.S.C. § 1001(a)(2).  Judgment of Conviction, United States v. Cavigliano, No. 6:13-cr-06014 (W.D.N.Y. Jan. 9, 2015) (ECF No. 109).  The district court sentenced Petitioner to a total term of 324 months of incarceration.  Id.  "Petitioner is scheduled to be released on December 22, 2037, and has only served 26.6% of his statutory sentence."  ECF No. 8 at 8.  He is presently confined at FCI Fort Dix, New Jersey.

Petitioner filed a letter on April 28, 2020 in which he requested "immediate emergency compassion [sic] release due to the COVID-19 Pandemic."  ECF No. 1 at 1.  He argued release was warranted because he is "over the age of 60 years old, has been confined to a wheelchair all the years of his incarceration due to complications from Parkinson's Disease as well as in need of

2

hip replacement." Id.   He asserts he is particularly vulnerable to infection because he suffered from severe pneumonia twice in the past decade and weighs only 82 pounds. Id. at 1-2. He "lacks any confidence in the Bureau of Prisons to keep himself or any inmate from being exposed to the virus. . . . The conditions at Ft. Dix are deplorable at best . . . ." Id. He maintains his innocence as to the crimes with which he was convicted and states that "[h]e was turned down by the Warden . . . for compassionate release or the CARES Act." Id. at 5.

The United States argues that the Court lacks jurisdiction over the petition because it contests the conditions of Petitioner's confinement as opposed to the execution of his sentence. ECF No. 8. It further argues Petitioner failed to exhaust his administrative remedies before filing his habeas petition.

II. DISCUSSION

A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A <u>pro</u> <u>se</u> pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A <u>pro</u> <u>se</u> habeas petition must be construed liberally. <u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002).

B.  <u>Analysis</u>

The United States argues this Court lacks jurisdiction over the petition because it does not concern the "core" of habeas. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." <u>McGee v. Martinez</u>, 627 F.3d 933, 935 (3d Cir. 2010) (citing <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002)). Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001).  "Examples of habeas claims that affect the duration of confinement include parole challenges, loss of good time credits and incorrect sentence calculations." <u>Wragg v. Ortiz</u>, No. 20-5496, ____ F. Supp. 3d ____, 2020 WL 2745247, at *14 (D.N.J. May 27, 2020).  "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a

4

civil rights action is the proper method to seek relief.
Leamer, 288 F.3d at 542.

Petitioner argues that his illnesses combined with Fort
Dix's allegedly insufficient response to COVID-19 make his
continued detention in that facility unconstitutional.   The
Honorable Renée Marie Bumb of this District recently dismissed a
putative class action filed under § 2241 raising claims like
Petitioner's on behalf of all "medically vulnerable" inmates at
Fort Dix.   Wragg, No. 20-5496, 2020 WL 2745247.   After
discussing the general distinction between claims brought in
habeas versus claims brought in civil rights actions, Judge Bumb
noted that the Supreme Court in dicta left open the possibility
that prisoners might be able to challenge their confinement
conditions via a petition for a writ of habeas corpus in
exceptional circumstances.   See id. at *15 (citing Bell v.
Wolfish, 441 U.S. 520, 526 n.6 (1979); Preiser v. Rodriguez, 411
U.S. 475, 499 (1973)).   However, "neither the Supreme Court nor
the Third Circuit has ever recognized any exceptional
circumstance that would allow Petitioners to challenge their
conditions of confinement in a habeas petition." Id. (citing
Muhammad v. Close, 540 U.S. 749, 751 n.1 (2004)).   Judge Bumb
declined to find that the mere threat of exposure to COVID-19
was such an exceptional circumstance and dismissed for lack of
habeas jurisdiction.   "To be fair, Petitioners' fear of

contracting COVID-19 is not unwarranted.  Such a fear permeates
American society, and in a prison environment such fears are
most likely heightened.  But nothing in the Complaint rises to
the level of circumstances that warrant habeas relief." Id. at
*19.

The Court is persuaded by the reasoning in Wragg.
Petitioner has not presented any facts beyond a generalized
concern of contracting COVID-19 due to the alleged conditions at
Fort Dix.  To the extent the petition argues that the threat of
COVID-19 exposure in and of itself makes Petitioner's
confinement in Fort Dix unconstitutional, the Court does not
have jurisdiction under § 2241.

The Court also concludes that release to home confinement
is not warranted under the Coronavirus Aid, Relief, and Economic
Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020)
at this time.  A claim that the BOP arbitrarily denied
Petitioner release on home confinement under the CARES Act would
appropriately be addressed under § 2241, but there must be a BOP
decision for the Court to review.  There is no evidence before
the Court that Petitioner sought home confinement under the
CARES Act and was denied.  See ECF No. 8-2 (Declaration of BOP
Senior Attorney Alisha Gallagher ("Gallagher Dec.")).

Petitioner did file a request for compassionate release
under 18 U.S.C. § 3582 due to COVID-19, see ECF No. 8-2 at 12,

6

but the standards used by the BOP for compassionate release claims and those used for considering a request for home confinement under the CARES Act are different.  Compare BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.  §§ 3582 and 4205(g), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 17, 2020); with, Memorandum for Director of Bureau Prisons, Mar. 26, 2020, available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last visited July 21, 2020).  "[T]he factors the BOP considers for home confinement eligibility under the CARES Act are subject to deviation and may be revised if circumstances change.  Therefore, exhaustion of administrative remedies serves an important purpose."  Roscoe Benton III, v. David Ortiz, No. 20-4056, 2020 WL 3287971, at *3 (D.N.J. June 18, 2020).

The Court cannot review the BOP's decision for abuse of discretion without any indication that the BOP analyzed Petitioner's request under the CARES Act standard.[1]  Petitioner

---

[1] The printout of the administrative remedy generalized retrieval dated June 22, 2020 describes Petitioner's March 26, 2020 grievance as "Requests Compass Realease [sic] Based On Elderly & COVID."  ECF No. 8-2 at 12.  "Remedy 1012016-Fl was rejected because [Petitioner] failed to submit a Compassionate Release request to the Warden prior to beginning the administrative remedy process."  Gallagher Dec. ¶ 4.  Even if the original request did include a request for consideration under the CARES

is free to file a § 2241 petition raising this argument after he

has at least attempted to exhaust this claim within the BOP.

Alternatively, Petitioner may file a civil rights claim

contesting the conditions of his confinement.[2]

The Court also lacks jurisdiction over any claim for

compassionate release under 18 U.S.C. § 3582(c) because that

claim must be filed in the sentencing court, which in this case

is the Western District of New York.  In the interests of

justice, the Court will transfer Petitioner's request for

compassionate release to the Western District of New York for

consideration by the sentencing court.

III. Conclusion

The claim for compassionate release under 18 U.S.C. § 3582

is severed and transferred to the Western District of New York

for consideration in Petitioner's criminal case.  The Court

---

Act, it is clear Petitioner did not complete the entire 3-step
grievance process concluding with an appeal to the BOP General
Counsel.  Id.

[2] The Court is also in receipt of a letter from Petitioner in
which he states he has information concerning a widespread
criminal conspiracy and asks the Court to "get [the] attention"
of law enforcement agencies.  ECF No. 5.  The Court does not
conduct criminal investigations as the investigation and
prosecution of criminal acts are functions of the executive
branch.  "[F]ederal courts lack the power to direct the filing
of criminal charges."  Mikhail v. Kahn, 991 F. Supp. 2d 596, 636
(E.D. Pa.), aff'd, 572 F. App'x 68 (3d Cir. 2014).  The U.S.
Attorney's Office for the District of New Jersey has received
electronic notification of that filing and it is up to that
Office to determine any further actions.

dismisses the habeas corpus petition for lack of jurisdiction or, in the alternative, for failure to exhaust.

An appropriate Order will be entered.


Dated:  July 22, 2020                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.